IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| KEVIN W. CULP, MARLOW DAVIS, ) <br> FREDDIE REED-DAVIS, ) <br> DOUGLAS W. ZYLSTRA, ) <br> JOHN S. KOLLER, STEVE STEVENSON, ) <br> PAUL HESLIN, MARLIN MANGELS, ) <br> GUS C. BROWNE II, ) <br> JEANELLE WESTROM, ) <br> SECOND AMENDMENT FOUNDATION, ) <br> INC., ILLINOIS CARRY and ) <br> ILLINOIS STATE RIFLE ASSOCIATION, ) <br>   ) <br> Plaintiffs, ) <br> v.  ) <br>   ) <br> LISA MADIGAN, in her Official Capacity ) <br> as Attorney General of the State of Illinois; ) <br> HIRAM GRAU, in his Official Capacity as ) <br> Director of the Illinois State Police, and ) <br> JESSICA TRAME, as Bureau Chief of the ) <br> Illinois State Police Firearms Services ) <br> Bureau, ) <br>   ) <br> Defendant. ) | Case No. |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs, KEVIN W. CULP, MARLOW DAVIS, FREDDIE REED-DAVIS, DOUGLAS W. ZYLSTRA, JOHN S. KOLLER, STEVE STEVENSON, PAUL HESLIN, MARLIN MANGELS, GUS C. BROWNE II, JEANELLE WESTROM, SECOND AMENDMENT FOUNDATION, INC., ILLINOIS CARRY, and ILLINOIS STATE RIFLE ASSOCIATION, by and through undersigned counsel, as and for their Complaint against Defendants LISA MADIGAN, in her Official Capacity as Attorney General of the State of Illinois; HIRAM GRAU, in his Official Capacity as

Director of the Illinois State Police, and JESSICA TRAME, as Bureau Chief of the Illinois State Police Firearms Services Bureau, allege as follows:

## INTRODUCTION

1. This is an action pursuant to 42 U.S.C. § 1983 for deprivation of civil rights under color of law, which seeks equitable, declaratory, and injunctive relief challenging the State of Illinois's prohibition on virtually all otherwise qualified non-Illinois residents from obtaining a concealed carry license, pursuant to Illinois Compiled Statute ("ILCS") 430 ILCS 66/40.

2. The Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation," *District of Columbia v. Heller*, 554 U.S. 570, 128 S.Ct. 2783, 2797 (2008), and is "fully applicable against the States," *McDonald v. City of Chicago*, 561 U.S. 3025, 130 S. Ct. 3020, 3026 (2010).

3. The Seventh Circuit, in *Moore v. Madigan*, 702 F.3d 933 (7th Cir. 2012) held that the Second Amendment right to armed self-defense extends outside of the home.  As a result, the State passed the Firearms Concealed Carry Act in July, 2013.

4. However, the laws of Illinois, as applied by the Defendants, prohibit most non-Illinois residents from obtaining a license for the concealed carry of guns, in public, for the purpose of self-defense. In Illinois, only residents of the State, plus residents of only four other states (Hawaii, New Mexico, South Carolina, and Virginia), may have the benefit of applying for and obtaining an Illinois license for armed defense by concealed carry.

5.  Plaintiffs seek to establish that the recognition and incorporation of the Second Amendment, and the Fourteenth Amendment's due process and equal protection clauses, plus the U.S. Constitution itself, renders the State's ban on virtually all non-Illinois residents from obtaining a concealed carry license unconstitutional. As the Plaintiffs only seek to be treated the same as law-abiding Illinois residents, the Second and Fourteenth Amendments, and Article IV, §2 of the Constitution, render a virtual ban such as that challenged in this action impermissible.

## JURISDICTION AND VENUE

6.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983, in that this action seeks to redress the deprivation, under color of the laws, statute, ordinances, regulations, customs, and usages of the Defendants as they execute, administer and enforce the complained-of laws, of the rights, privileges or immunities secured by the United States Constitution and by Acts of Congress.

7.  This Court has personal jurisdiction over the Defendants because, *inter alia*, they acted under the color of laws, policies, customs, and/or practices of the State of Illinois and/or within the geographic confines of the State of Illinois.

8.  Venue is proper pursuant to 28 U.S.C. § 1391 because the Defendants execute, administer, and enforce the complained-of laws against Plaintiffs in this District, and because the events and omissions giving rise to this action are

harming Plaintiffs in this District, and the State laws were enacted in the State capital in this District.

9. Pursuant to CDIL-LR 40.1(F), the Springfield Division is proper for this action because Defendants maintain their offices in Sangamon County and because the events and omissions giving rise to this action are State laws enacted in the State capitol of Springfield.

## PLAINTIFFS

10. KEVIN W. CULP is a natural person and a resident of the City of Blairsville, State of Pennsylvania. Culp is an Air Force Colonel stationed on orders at Scott Air Force Base near Belleville, IL, but is a legal resident of Pennsylvania who possesses a Pennsylvania driver's license and Pennsylvania license to carry a concealed weapon, as well as a concealed carry license from Florida. Culp is also a Basic Pistol Instructor and meets the qualifications to be an Illinois concealed carry licensing instructor.

11. MARLOW DAVIS is a natural person and a resident of the City of Milwaukee, State of Wisconsin. He possesses a Wisconsin driver's license and a Wisconsin license to carry a concealed weapon. He is retired and spends approximately half of his time in Chicago. He is the husband of co-Plaintiff Freddie Reed-Davis.

12. FREDDIE REED-DAVIS is a natural person and a resident of the City of Milwaukee, State of Wisconsin. She is the wife of co-Plaintiff Marlow Davis. She

possesses a Wisconsin driver's license and a Wisconsin license to carry a concealed weapon. She is a nurse working in Chicago.

13. DOUGLAS W. ZYLSTRA is a natural person and a resident of the City of Munster, State of Indiana. He possesses an Indiana driver's license and an Indiana license to carry a concealed weapon, as well as a concealed carry license and instructor certification from Utah. Zylstra is an Illinois State Police certified concealed carry instructor working for a firearm training company in Lansing, Illinois.

14. JOHN S. KOLLER is a natural person and a resident of the City of Castle Rock, State of Colorado. He possesses a Colorado driver's license and a Colorado license to carry a concealed weapon, as well as concealed carry licenses from Utah, Nevada and Arizona. Koller was born & raised in Chicago, Illinois, and still has family in the Chicago area, who he visits. He also makes periodic business trips to Illinois.

15. STEVEN STEVENSON is a natural person and a resident of the City of Aurora, State of Colorado. He possesses a Colorado driver's license. Stevenson has a Colorado resident concealed carry license, as well as a concealed carry license from Utah, and must occasionally traverse Illinois on I-80 or I-88 to visit relatives in both Illinois and Michigan.

16. PAUL HESLIN is a natural person and a resident of the City of Defiance, State of Missouri. He is originally from Lake County, Illinois. He possesses a Missouri driver's license and a Missouri license to carry a concealed

weapon, as well as a concealed carry license from Florida, and a Class 3 federal firearms license.  He is also an Illinois certified concealed carry instructor.

17.    MARLIN MANGELS is a natural person and a resident of the City of Keokuk, State of Iowa.  He possesses an Iowa driver's license and an Iowa license to carry a concealed weapon, as well as concealed carry licenses from Utah and Arizona.  Keokuk is just across the Mississippi River from Hamilton, Illinois. Mangels frequently rides his bicycle up the River Road in Illinois, eats in restaurants in Hamilton, Illinois, travels to see his wife's family in the Chicago area, and travels I-80 through Illinois to visit friends in Massachusetts.

18.    GUS BROWNE is a natural person and a resident of the City of South Bend, State of Indiana.  He possesses an Indiana driver's license and an Indiana license to carry a concealed weapon.  He also has a residence in Kankakee, Illinois, where he spends much of his time.

19.    JEANELLE WESTROM is a natural person and a resident of the City of Davenport, Iowa.  She possesses an Iowa driver's license and an Iowa license to carry a concealed weapon, as well as one in Georgia.  She has a firearms business in Davenport, Iowa but also a separate firearms business in Geneseo, Illinois, where she spends a considerable amount of her time.  Westrom also possesses three federal firearms licenses, which are required for her businesses.

20.    The individual Plaintiffs are licensed to possess concealed handguns in their states of residence, but are prohibited by 430 ILCS 66/40 from obtaining Illinois concealed carry permits, and thus carrying a handgun in a concealed

manner in Illinois for self-defense. This is because their states of residence are not approved for applications for concealed carry licensing by the Defendants.

21. The individual Plaintiffs would apply for and obtain an Illinois concealed carry license, and would carry a loaded and functional concealed handgun in public in a concealed manner for self-defense, but refrain from doing so because they fear arrest, prosecution, fine, and imprisonment as they understand it is unlawful for an unlicensed individual to carry a concealed handgun in Illinois.

22. SAF is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. SAF's membership includes non-residents of Illinois who wish to obtain an Illinois concealed carry license but do not have a concealed carry license from an "approved state" according to the Illinois State Police. SAF has over 650,000 members and supporters nationwide. The purposes of SAF include education, research, publishing and legal action focusing on the Constitutional right privately to own and possess firearms. SAF brings this action on behalf of itself and its members.

23. Members of SAF who are not residents of Illinois and do not have concealed carry licenses from an approved state, and thus are prohibited from applying for and obtaining an Illinois concealed carry license, would carry a loaded and functional concealed handgun in public in a concealed manner for self-defense, but refrain from doing so because they fear arrest, prosecution, fine, and imprisonment as they understand it is unlawful for an unlicensed individual to carry a concealed handgun in Illinois.

24. ILLINOIS CARRY is a non-profit membership organization incorporated under the laws of Illinois with its principal place of business in Shelbyville, Illinois. Illinois Carry has over 10,000 members and supporters in Illinois, and many members outside the State of Illinois. Illinois Carry is dedicated to the preservation of Second Amendment rights. Among Illinois Carry's purposes are educating the public about Illinois laws governing the purchase and transportation of firearms, aiding the public in every way in its power, and supporting and defending the people's right to keep and bear arms, including the right of its members and the public to purchase, possess, and carry firearms.

25. Members of IC who are not residents of Illinois and do not have concealed carry licenses from an approved state, and thus are prohibited from applying for and obtaining an Illinois concealed carry license, would carry a loaded and functional concealed handgun in public in a concealed manner for self-defense, but refrain from doing so because they fear arrest, prosecution, fine, and imprisonment as they understand it is unlawful for an unlicensed individual to carry a concealed handgun in Illinois.

26. ILLINOIS STATE RIFLE ASSOCIATION is a non-profit membership organization incorporated under the laws of Illinois with its principal place of business in Chatsworth, Illinois. ISRA has over 17,000 members and supporters in Illinois, and many members outside the State of Illinois. The purposes of ISRA include securing the Constitutional right to privately own and possess firearms

within Illinois, through education, outreach, and litigation.  ISRA brings this action on behalf of itself and its members.

27. Members of ISRA who are not residents of Illinois and do not have concealed carry licenses from an approved state, and thus are prohibited from applying for and obtaining an Illinois concealed carry license, would carry a loaded and functional concealed handgun in public in a concealed manner for self-defense, but refrain from doing so because they fear arrest, prosecution, fine, and imprisonment as they understand it is unlawful for an unlicensed individual to carry a concealed handgun in Illinois.

28. The individual Plaintiffs are members of the above-named organizations.

## DEFENDANTS

29. Defendant Attorney General LISA MADIGAN is sued in her official capacity as the Attorney General of the State of Illinois, responsible for executing and administering the laws of the State of Illinois, including 430 ILCS 66/40.  Defendant Attorney General Madigan has enforced the challenged laws, customs and practices against Plaintiffs and is in fact presently enforcing the challenged laws, customs and practices against Plaintiffs.

30. Defendant HIRAM GRAU is the Director of the Illinois State Police, and is the person ultimately responsible for executing and administering the laws of the State of Illinois, including Section 66/40 of the FCCA.  He is sued in his official capacity.

31. Defendant JESSICA TRAME is the Bureau Chief of Firearms Services for the Illinois State Police. She is the ISP employee directly responsible for the administration of the FCCA, and is the ISP employee directly responsible for the denial of concealed carry licensing to the Plaintiffs. She is sued in her official capacity.

## CONSTITUTIONAL PROVISIONS

32. The Second Amendment provides:

> A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.

U.S. Const. amend. II.

33. The Second Amendment "is fully applicable against the States."

*McDonald v. City of Chicago*, 561 U.S. 3025, 130 S. Ct. 3020, 3026 (2010).

34. Section 1 of the Fourteenth Amendment provides, in relevant part:

> **No state shall** make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; **nor shall any state deprive any person of life, liberty, or property, without due process of law;** nor **deny to any person within its jurisdiction the equal protection of the laws**.

U.S. Const. amend. XIV (emphasis added).

35. Article IV, Section 2 of the United States Constitution provides: "The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States."

36. There is a fundamental right to carry handguns for self-defense in public. *Moore v. Madigan*, 702 F.3d 933 (7th Cir., 2012).

## STATE LAW

37. 430 ILCS 66/40 provides in pertinent part:

> (a) For the purposes of this Section, "non-resident" means a person who has not resided within this State for more than 30 days and resides in another state or territory.
>
> (b) The Department shall by rule allow for non-resident license applications from any state or territory of the United States with laws related to firearm ownership, possession, and carrying, that are substantially similar to the requirements to obtain a license under this Act.
>
> (c) A resident of a state or territory approved by the Department under subsection (b) of this Section may apply for a non-resident license. The applicant shall apply to the Department and must meet all of the qualifications established in Section 25 of this Act, except for the Illinois residency requirement in item (xiv) of paragraph (2) of subsection (a) of Section 4 of the Firearm Owners Identification Card Act….

38. According to the Illinois State Police website, "substantially similar" as used in the paragraph above means "the comparable state regulates who may carry firearms, concealed or otherwise, in public; prohibits all who have involuntary mental health admissions, and those with voluntary admissions within the past 5 years, from carrying firearms, concealed or otherwise, in public; reports denied persons to NICS; and participates in reporting persons authorized to carry firearms, concealed or otherwise, in public through Nlets."

39. The Illinois State Police has deemed Hawaii, New Mexico, South Carolina and Virginia "substantially similar" for non-resident application purposes. None of the individual Plaintiffs reside in these states.

40. 720 ILCS 5/24-1 provides in pertinent part:

> Sec. 24-1. Unlawful Use of Weapons
>
> (a) A person commits the offense of unlawful use of weapons when he knowingly:
>
>> (4) Carries or possesses in any vehicle or concealed on or about his person except when on his land or in his own abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, any pistol, revolver, stun gun or taser or other firearm. . . ; or...
>>
>> (10) Carries or possesses on or about his person, upon any public street, alley, or other public lands within the corporate limits of a city, village or incorporated town, except when an invitee thereon or therein, for the purpose of the display of such weapon or the lawful commerce in weapons, or except when on his land or in his own abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, any pistol, revolver, stun gun or taser or other firearm.
>
> (b) Sentence. A person convicted of a violation of subsection 24-1(a)(1) through (5), subsection 24-1(a)(10), subsection 24-1(a)(1 1), or subsection 24-1(a)(13) commits a Class A misdemeanor.

41. 720 ILCS 5/24-1.6 provides in pertinent part:

> Sec. 24-1.6. Aggravated unlawful use of a weapon
>
> (a) A person commits the offense of aggravated unlawful use of a weapon when he or she knowingly:
>
>> (1) Carries on or about his or her person or in any vehicle or concealed on or about his or her person except when on his or

her land or in his or her abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, any pistol, revolver, stun gun or taser or other firearm; or

(2) Carries or possesses on or about his or her person, upon any public street, alley, or other public lands within the corporate limits of a city, village or incorporated town, except when an invitee thereon or therein, for the purpose of the display of such weapon or the lawful commerce in weapons, or except when on his or her own land or in his or her own abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, any pistol, revolver, stun gun or taser or other firearm; and

(3) One of the following factors is present:

>   (A) the firearm possessed was uncased, loaded and immediately accessible at the time of the offense; or

>   (B) the firearm possessed was uncased, unloaded and the ammunition for the weapon was immediately accessible at the time of the offense.

(d) Sentence.

>   (1) Aggravated unlawful use of a weapon is a Class 4 felony; a second or subsequent offense is a Class 2 felony for which the person shall be sentenced to a term of imprisonment of not less than 3 years and not more than 7 years.

42. A person who is carrying a concealed handgun in public for self-defense is subject to the above-referenced criminal penalties (with certain exceptions that do not apply to any of the Plaintiffs) unless the person had a valid Illinois concealed carry permit per 720 ILCS 5/24-1.6(3)(A-5),(B-5) and 720 ILCS 5/24-2(a-5).

### COUNT I— VIOLATION OF RIGHT TO KEEP AND BEAR FIREARMS
### (U.S. CONST. AMENDS. II AND XIV; 42 U.S.C. § 1983)

43.    Paragraphs 1 through 42 are realleged and incorporated herein by reference.

44.    The residency requirement contained in 430 ILCS 66/40, and all other Illinois statutory language, which restricts otherwise qualified non-residents of Illinois the rights and privileges of carrying concealed firearms based solely on their State of residence, on their face and as applied, violate the Plaintiffs' individual right to possess and carry a handgun for self-defense as secured by the Second Amendment to the United States Constitution.

### COUNT II - VIOLATION OF EQUAL PROTECTION
### (U.S. CONST. AMEND. XIV; 42 U.S.C. 1981(a), 1983)

45.    Paragraphs 1 through 44 are realleged and incorporated herein by reference.

46.    The residency requirement contained in 430 ILCS 66/40, and all other Illinois statutory language, which restricts otherwise qualified non-residents of Illinois the rights and privileges of carrying concealed firearms based solely on their State of residence, on their face and as applied, are unconstitutional denials of equal protection of the laws and are in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

**COUNT III - VIOLATION OF DUE PROCESS**
**(U.S. CONST. AMEND. XIV; 42 U.S.C. § 1983)**

47.     Paragraphs 1 through 46 are realleged and incorporated herein by reference.

48.     The residency requirement contained in 430 ILCS 66/40, and all other Illinois statutory language, which restricts otherwise qualified non-residents of Illinois the rights and privileges of carrying concealed firearms based solely on their State of residence, violates the right to due process of the law secured by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, facially and as applied to the individual Plaintiffs in this action, damaging the Plaintiffs in violation of 42 U.S.C. 1983.

**COUNT IV - VIOLATION OF PRIVILEGES AND IMMUNITIES**
**(U.S. CONST. ART. IV, § 2)**

49.     Paragraphs 1 through 48 are realleged and incorporated herein by reference.

50.     The residency requirement contained in 430 ILCS 66/40, and all other Illinois statutory language, which restrict otherwise qualified non-residents of Illinois the rights and privileges of carrying concealed firearms based solely on their State of residence, discriminates against the Plaintiffs, under Article IV, § 2 of the United States Constitution, by denying them the Privileges and Immunities granted to Illinois residents merely because they are not residents of Illinois, facially and as applied to said individual Plaintiffs in this action.

51.     The residency requirement contained in 430 ILCS 66/40, and all other Illinois statutory language, which restrict otherwise qualified non-residents of Illinois the rights and privileges of carrying concealed firearms based solely on their State of residence, also violates the right to travel secured by the Privileges and Immunities Clause of Article IV, § 2 of the United States Constitution, facially and as applied to the individual Plaintiffs in this action.

## FOR ALL COUNTS

52.     Paragraphs 1 through 51 are realleged and incorporated herein by reference.

53.     A controversy exists as to whether the residency and reciprocity requirements contained in 430 ILCS 66/40 are unconstitutional.

54.     A declaration from this Court would settle this issue.

55.     A declaration would also serve a useful purpose in clarifying the legal issues in dispute.

56.     The Plaintiffs seek a declaration that the Illinois residency requirement contained in 430 ILCS 66/40, as applied to Plaintiffs, is unconstitutional.

57.     In the absence of an injunction, the residency requirements of 430 ILCS 66/40 would continue to be enforced and would prevent the individual Plaintiffs and organizational Plaintiffs' non-Illinois members who wish to obtain a concealed carry license for armed self-defense while in the State of Illinois, from (1) successfully obtaining a concealed carry permit and/or (2) legally carrying a

handgun in a concealed manner that any otherwise-qualified Illinois residents may possess and carry concealed in public.

58.    The Plaintiffs would continue to suffer irreparable injury if the Court does not issue an injunction.

59.    There is no adequate remedy at law because only a declaration and injunction, as opposed to monetary damages, would allow the individual Plaintiffs, and SAF's, IC's and ISRA's non-Illinois members who wish to obtain a concealed carry license for armed self-defense while in the State of Illinois, the opportunity to obtain a permit to carry a handgun in a concealed manner for self-defense.

WHEREFORE, Plaintiffs pray that this Honorable Court:

1.    Issue preliminary and permanent injunctions (a) enjoining Defendants LISA MADIGAN, in her Official Capacity as Attorney General of the State of Illinois; HIRAM GRAU, in his Official Capacity as Director of the Illinois State Police, and JESSICA TRAME, as Bureau Chief of the Illinois State Police Firearms Services Bureau from enforcing the virtual non-resident CCL ban of 430 ILCS 66/40 against the Plaintiffs and/or their members; and

2.    Enter the following:

(a)    A declaratory judgment that 430 ILCS 66/40, and all other Illinois statutory language which restricts otherwise qualified non-residents of Illinois the rights and privileges of carrying concealed firearms based solely on their State of residence, are null and void

because they (1) violate the due process requirements and equal protection of the laws guaranteed by the Fourteenth Amendment to the United State Constitution; and (ii) infringe on the right of the people to keep and bear arms in violation of the Second and Fourteenth Amendments to the United States Constitution; and

(b)   Issue preliminary and permanent injunctions against the Defendants and their political subdivisions, including officers, agents, and employees thereof, from enforcement of 430 ILCS 66/40 and all other Illinois statutory language, which restrict otherwise qualified non-residents of Illinois the rights and privileges of carrying concealed firearms based solely on their State of residence.

3. Award Plaintiffs attorney's fees and costs pursuant to 42 U.S.C. § 1988.

4. Grant such other and further relief, in law and equity, as the Court deems just and proper.

Dated: October 22, 2014                              Respectfully submitted,

                                           By:   /s/ David G. Sigale
                                                 Attorney for Plaintiffs

David G. Sigale, Esq. (#6238103 (IL))
LAW FIRM OF DAVID G. SIGALE, P.C.
799 Roosevelt Road, Suite 207
Glen Ellyn, IL 60137
Tel: 630.452.4547
Fax: 630.596.4445
dsigale@sigalelaw.com