UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN W. CULP, et al., | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No.: 14-3320 |
| LISA MADIGAN, et al., | ) |
| Defendants. | ) |

## ANSWER

NOW COME Defendants, LISA MADIGAN, in her Official Capacity as Attorney General of the State of Illinois, LEO SCHMITZ,[1] in his Official Capacity as Acting Director of the Illinois State Police, and JESSICA TRAME, in her Official Capacity as Bureau Chief of the Illinois State Police Firearms Services Bureau, by and through their attorney, Lisa Madigan, Attorney General of Illinois, and hereby submit their Answer to the complaint, stating as follows:

1.  Defendants admit that Plaintiffs seek relief pursuant to 42 U.S.C. § 1983 for alleged deprivation of civil rights under color of law and seek equitable, declaratory, and injunctive relief. Defendants deny that they have deprived Plaintiffs of civil rights under color of law, deny that Plaintiffs are entitled to any relief, and deny the remaining allegations in paragraph 1.

2.  Defendants admit that Plaintiffs have accurately quoted a portion of *District of Columbia v. Heller*, 554 U.S. 570 (2008). Defendants deny that Plaintiffs have accurately quoted or accurately cited *McDonald v. City of Chicago*, 561 U.S. 742 (2010). Defendants admit that the Supreme Court has held that the operative clause of the Second Amendment guarantees the

---

[1] Leo Schmitz is automatically substituted in pursuant Rule 25(d) of the Federal Rules of Civil Procedure as the current Acting Director of the Illinois State Police, replacing former Director Hiram Grau.

individual right to possess and carry weapons in case of confrontation. Defendants admit that the Second Amendment right is fully applicable to the States.

    3.    Defendants admit the allegations in paragraph 3.

    4.    Defendants admit that, currently, Hawaii, New Mexico, South Carolina, and Virginia have been identified as states or territories of the United States that have laws related to firearm ownership, possession, and carrying that are substantially similar to the requirements to obtain a license under the Firearm Concealed Carry Act. Defendants admit that residents of Illinois, Hawaii, New Mexico, South Carolina, and Virginia may apply for and obtain an Illinois concealed carry license. Defendants deny the remaining allegations in paragraph 4.

    5.    Defendants admit that Plaintiffs seek to establish what is stated in paragraph 5. Defendants deny that the laws and regulations challenged in the complaint are unconstitutional and deny the remaining allegations in paragraph 5.

    6.    Defendants admit the Court has subject matter jurisdiction. Defendants deny the remaining allegations in paragraph 6.

    7.    Defendants admit the allegations in paragraph 7.

    8.    Defendants admit that venue is proper. Defendants admit that the Illinois State Police executes, administers, and enforces the complained-of-laws. Defendants deny that the Attorney General executes, administers, or enforces the complained-of-laws. Defendants deny that the laws have been executed administered or enforced against Plaintiffs. Defendants admit that the State laws were enacted in the State capital. Defendants deny the remaining allegations in paragraph 8.

    9.    Defendants admit the allegations in paragraph 9.

10. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10.

11. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11.

12. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12.

13. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13.

14. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14.

15. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15.

16. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16.

17. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17.

18. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18.

19. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19.

20. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20.

21. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21.

22. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22.

23. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23.

24. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24.

25. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25.

26. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26.

27. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27.

28. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28.

29. Defendants admit that Attorney General Lisa Madigan is sued in her official capacity as the Attorney General of the State of Illinois. Defendants admit that Attorney General Lisa Madigan is responsible for executing and administering some of the laws of the State of Illinois. Defendants deny that Attorney General Lisa Madigan is responsible for executing and administering 430 ILCS 66/40 and deny the remaining allegations in paragraph 29.

30. Defendants deny that Hiram Grau is the Director of the Illinois State Police but admit that his successor, Leo Schmitz, is the Acting Director. Defendants deny that the Acting

Director is the person ultimately responsible for executing and administering all of the laws of the State of Illinois. Defendants admit that the Acting Director is the person ultimately responsible for executing and administering 430 ILCS 66/40. Defendants admit that the Acting Director is sued in his official capacity. Defendants deny the remaining allegations in paragraph 30.

31.     Defendants admit that Jessica Trame is the Bureau Chief of the Firearms Services Bureau for the Illinois State Police. Defendants admit that Jessica Trame is an ISP employee directly responsible for the administration of the Firearms Concealed Carry Act. Defendants admit that Jessica Trame is sued in her official capacity. Defendants deny the remaining allegations in paragraph 31.

32.     Defendants admit the allegations in paragraph 32.

33.     Defendants deny that Plaintiffs have accurately quoted or cited *McDonald v. City of Chicago*, 561 U.S. 742 (2010). Defendants admit that the Second Amendment is applicable to the States under the Fourteenth Amendment.

34.     Defendants admit that Plaintiffs have accurately quoted a portion of the Fourteenth Amendment.

35.     Defendants admit that Plaintiffs have accurately quoted a portion of Article IV, Section 2 of the United States Constitution.

36.     Defendants deny the allegations in paragraph 36.

37.     Defendants admit that Plaintiffs have accurately quoted a portion of 430 ILCS 66/40.

38.     Defendants admit the allegations in paragraph 38.

39. Defendants lack knowledge or information sufficient to form a belief as to whether the individual Plaintiffs reside in Hawaii, New Mexico, South Carolina, or Virginia. Defendants admit that the Illinois State Police has deemed Hawaii, New Mexico, South Carolina, and Virginia as "substantially similar" for non-resident application purposes.

40. Defendants admit that Plaintiffs have accurately quoted a portion of 720 ILCS 5/24-1.

41. Defendants admit that Plaintiffs have accurately quoted a portion of 720 ILCS 5/24-1.6.

42. Defendants admit that 720 ILCS 5/24-1 and 720 ILCS 5/24-1.6 apply to all persons, subject to certain exceptions, unless the person has a valid Illinois concealed carry permit. Defendants lack knowledge or information sufficient to form a belief as to whether any of the exceptions apply to Plaintiffs.

## COUNT I

43. Defendants reassert and incorporate herein their answers to paragraphs 1 through 42 as their answer to paragraph 43.

44. Defendants deny the allegations in paragraph 44.

WHEREFORE, Defendants deny that Plaintiffs are entitled to any relief and request judgment in Defendants' favor and against Plaintiffs.

## COUNT II

45. Defendants reassert and incorporate herein their answers to paragraphs 1 through 44 as their answer to paragraph 45.

46. Defendants deny the allegations in paragraph 46.

WHEREFORE, Defendants deny that Plaintiffs are entitled to any relief and request judgment in Defendants' favor and against Plaintiffs.

## COUNT III

47. Defendants reassert and incorporate herein their answers to paragraphs 1 through 46 as their answer to paragraph 47.

48. Defendants deny the allegations in paragraph 48.

WHEREFORE, Defendants deny that Plaintiffs are entitled to any relief and request judgment in Defendants' favor and against Plaintiffs.

## COUNT IV

49. Defendants reassert and incorporate herein their answers to paragraphs 1 through 48 as their answer to paragraph 49.

50. Defendants deny the allegations in paragraph 50.

51. Defendants deny the allegations in paragraph 51.

WHEREFORE, Defendants deny that Plaintiffs are entitled to any relief and request judgment in Defendants' favor and against Plaintiffs.

## FOR ALL COUNTS

52. Defendants reassert and incorporate herein their answers to paragraphs 1 through 51 as their answer to paragraph 52.

53. The allegations in paragraph 53 consist of legal conclusions which defendants neither admit nor deny.

54. The allegations in paragraph 54 consist of legal conclusions which defendants neither admit nor deny.

55. The allegations in paragraph 55 consist of legal conclusions which defendants neither admit nor deny.

56. Defendants admit that Plaintiffs seek the relief stated in paragraph 56. Defendants deny that Plaintiffs are entitled to any relief and deny that 430 ILCS 66/40 is unconstitutional.

57. The State Police defendants admit that they will continue to enforce the challenged law in the absence of an injunction.  Defendants deny the remaining allegations in paragraph 57.

58. Defendants deny the allegations in paragraph 58.

59. Defendants deny the allegations in paragraph 59.

WHEREFORE, Defendants deny that Plaintiffs are entitled to any relief and request judgment in Defendants' favor and against Plaintiffs.

Respectfully submitted,

LISA MADIGAN, Attorney General of the State of Illinois, LEO SCHMITZ, Acting Director of the Illinois State Police, and JESSICA TRAME, Bureau Chief of the Illinois State Police Firearms Services Bureau,

Defendants,

LISA MADIGAN, Attorney General, State of Illinois

By: s/ Joshua D. Ratz
Joshua D. Ratz, # 6293615
Assistant Attorney General
500 South Second Street
Springfield, IL 62706
Phone: (217) 782-2077
Fax: (217) 524-5091
E-Mail: jratz@atg.state.il.us

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN W. CULP, et al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.:  14-3320 |
| ) | |
| LISA MADIGAN, et al., ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2015, the foregoing Answer was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing(s) to the following:

    David G. Sigale               dsigale@sigalelaw.com

and I hereby certify that on February 11, 2015, I mailed by United States Postal Service, the document to the following non-registered participants:

                None.

Respectfully submitted,

s/ Joshua D. Ratz
Joshua D. Ratz, Bar Number 6293615
Assistant Attorney General
500 South Second Street
Springfield, IL 62706
Phone: (217) 782-2077
Fax: (217) 524-5091
E-Mail: jratz@atg.state.il.us