UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

KEVIN W. CULP, et al.,          )
                                )
    Plaintiff,                  )
vs.                             )   No.: 14-3320
                                )
LISA MADIGAN, et al.,           )
                                )
    Defendants.                 )

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

NOW COME Defendants, LISA MADIGAN, in her Official Capacity as Attorney General of the State of Illinois, LEO SCHMITZ,[1] in his Official Capacity as Director of the Illinois State Police, and JESSICA TRAME, in her Official Capacity as Bureau Chief of the Illinois State Police Firearms Services Bureau, by and through their attorney, Lisa Madigan, Attorney General of Illinois, and pursuant to Fed R. Civ. P. 56, move for summary judgment, stating as follows:

## INTRODUCTION

Plaintiffs seek a permanent injunction barring enforcement of the residency requirement of the Firearm Concealed Carry Act (430 ILCS 66/1 *et seq.*), thereby permitting the plaintiffs and their members to apply for an Illinois concealed carry license. The Carry Act permits nonresidents to apply, pursuant to rules of the Illinois State Police ("ISP"), for a concealed carry license if the nonresident is a resident of a state or U.S. territory with laws related to firearm ownership, possession, and carrying that are substantially similar to Illinois' requirements. Currently, Hawaii, New Mexico, South Carolina, and Virginia are "substantially similar," based

---

[1] Leo Schmitz is automatically substituted in pursuant Rule 25(d) of the Federal Rules of Civil Procedure as the current Director of the Illinois State Police, replacing former Director Hiram Grau.

on information provided by the jurisdictions in response to ISP's request for information and review of their laws. Plaintiffs maintain Illinois' regulations constitute an unconstitutional ban on the carrying or possession of firearms as applied to nonresidents from states that are not deemed substantially similar. The challenged regulations are reasonably related to Illinois' important and substantial interest in protecting the public by ensuring initial and continued eligibility for concealed carry licenses and Illinois' related interest in obtaining information necessary to make those determinations. The challenged regulations are, therefore, constitutional. Accordingly, Defendants request judgment in their favor.

## UNDISPUTED MATERIAL FACTS

1. The individual plaintiffs are residents of Wisconsin, Colorado, Missouri, Iowa, Pennsylvania, or Indiana. (Docs. 18-1, 18-3, 18-4, 19, 19-1, 19-2, 19-3.)

2. Pursuant to 20 Ill. Admin. Code § 1231.110(c), ISP sent surveys to other jurisdictions requesting information about their firearm laws to determine whether those jurisdictions had "substantially similar" firearm laws. (Ex. 1, Affidavit of Trame at ¶¶ 26–29.)

3. ISP asked whether the jurisdiction regulated who may carry firearms in public, reported via national databases persons authorized to carry and persons denied, and prohibited persons voluntarily (in the last five years) or involuntarily admitted to mental health facilities from possessing or using firearms. (Ex. 1 at ¶ 27 & Aff. Exs. C–D.)

4. ISP has determined that Hawaii, New Mexico, South Carolina, and Virginia are "substantially similar," based on information provided by the jurisdictions in response to ISP's request for information and review of those states' laws. (Ex. 1 at ¶¶ 26–28.)[2]

---

[2] Although New Mexico and Virginia each indicated in response to ISP's request that they did not have a mechanism to track voluntary mental health admissions for the purpose of revoking or approving concealed carry licenses, they each acknowledged that they prohibit firearm use or

5.     Colorado, Maine, Maryland, Massachusetts, Nevada, Pennsylvania, and Rhode Island did not respond to Illinois' requests. (Ex. 1 at ¶ 27 & Aff. Exs. C–D.)

6.     The remaining jurisdictions stated they did not have laws or procedures concerning one or more of the criteria. (Ex. 1 at ¶¶ 28–29 & Aff. Exs. C–D.)

7.     Relevant to the Plaintiffs' states of residence, Indiana, Iowa, Missouri, and Wisconsin stated they did not prohibit use or possession of firearms based on voluntary admissions to mental health facilities in the last five years and did not have a mechanism of tracking that information for their residents. (Ex. 1 at ¶ 29.)

8.     Iowa and Missouri also reported they do not participate in reporting licenses via the National Law Enforcement Telecommunications System, one of the systems used by Illinois to assess firearm qualifications and monitor continued qualifications. (Ex. 1 at ¶¶ 6, 10, 13, 14, 28–29.)

9.     ISP verifies eligibility for FOID cards and concealed carry licenses and monitors continued eligibility for those licenses via federal electronic systems, Illinois electronic systems, Department of Human Services' FOID Mental Health System and other systems, Illinois Secretary of State files, ISP's Computerized Hot Files system, and local sources. (Ex. 1 at ¶¶ 6–7, 9, 11, 17, 21.)

---

possession based on voluntary mental health admission within the last five years. This, coupled with each State's acknowledgement that it issues concealed carry licenses, participates in reporting those licenses via NLETS, and reports all involuntary or adjudicated mental health admissions to NICS is sufficient to qualify as "substantially similar" under 20 Ill. Admin. Code § 1231.10 (state substantially similar if it "regulates who may carry firearms, concealed or otherwise, in public; prohibits all who have involuntary mental health admissions, and those with voluntary admissions within the past 5 years, from carrying firearms, concealed or otherwise, in public; reports denied persons to NICS; and participates in reporting persons authorized to carry firearms, concealed or otherwise, in public through NLETs").

10. All Illinois concealed carry license holders are checked daily for new prohibitors that would disqualify the licensee from having a concealed carry license or FOID card. (Ex. 1 at ¶ 21.)

11. Illinois Circuit Clerks, physicians, mental health providers, law enforcement personnel, school administrators, and DHS are required to report to ISP or applicable state or federal systems information concerning voluntary or involuntary mental health commitments and information that would indicate an individual presents a danger to herself or others or that would otherwise warrant denial or revocation of a license. (Ex. 1 at ¶¶ 22–24.)

12. ISP does not have access, however, to state and local criminal history, identification, and mental health files of other jurisdictions outside Illinois, unless those jurisdictions make such information available through federal systems, such as the National Instant Criminal Background Check System (NICS) or the National Law Enforcement Telecommunications System (NLETS). (Ex. 1 at ¶¶ 10, 12, 14–15, 18–20, 22–25.)

13. Although Illinois may request records from other jurisdictions, responses often require substantial fees for which ISP lacks funding and further require significant additional time to process. (Ex. 1 at ¶¶ 12, 30 & Aff. Ex. B.)

14. Some jurisdictions fail to even respond to requests for information. (Ex. 1 at ¶ 27 & Aff. Exs. C–D.)

15. Illinois cannot effectively monitor nonresidents' qualifications unless the nonresidents' home states monitor those individuals via firearm laws substantially similar to Illinois and report that information to federal databases. (*See generally* Ex. 1.)

16. Out-of-state mental health providers and law enforcement agencies do not share the reporting obligations of their Illinois counterparts, and out-of-state criminal and

mental health databases are not necessarily accessible to ISP or sufficiently comprehensive for Illinois licensing purposes. (*See generally* Ex. 1.)

17.     Further, information on disqualifying out-of-state mental health conditions, arrests, and prosecutions is not reliably available through national databases. (Ex. 1 at ¶¶ 9–25.)

18.     Out-of-state mental health providers and law enforcement officials are under no obligation to notify Illinois should they discover a nonresident's disqualifying condition (so that an undeserved license can be revoked) and do not have the knowledge of Illinois law necessary to identify such a condition. (Ex. 1 at ¶¶ 16–25.)

19.     Relevant to the individual Plaintiffs, Indiana, Iowa, Missouri, and Wisconsin report they do not track voluntary admissions to mental health facilities. (Ex. 1 at Aff. Ex. C.)

20.     Iowa and Missouri report they do not participate in reporting through NLETS. (Ex. 1 at Aff. Ex. C.)

21.     Due to significant increases in time and resources necessary to properly research nonresident applicants from states lacking firearm laws and reporting requirements substantially similar to Illinois, and due to an inability to obtain essential information concerning those nonresident applicants in a timely fashion, or even at all, ISP is unable to hold those nonresident applicants to the same background and monitoring standards necessary to ensure continued eligibility for concealed carry licenses in order to protect the public. (Ex. 1 at ¶ 30; *id.*, *generally*.)

## **ARGUMENT**

A memorandum of law in support of this motion is submitted herewith and incorporated herein.

WHEREFORE, Defendants request this honorable Court enter judgment in favor of Defendants and against Plaintiffs.

|  |  |
|---|---|
| Joshua D. Ratz, # 6293615<br>Assistant Attorney General<br>500 South Second Street<br>Springfield, IL 62706<br>Phone: (217) 557-0261<br>Fax: (217) 524-5091<br>E-Mail: jratz@atg.state.il.us | Respectfully submitted,<br><br>LISA MADIGAN, in her Official Capacity as Attorney General of the State of Illinois, LEO SCHMITZ, in his Official Capacity as Director of the Illinois State Police, and JESSICA TRAME, in her Official Capacity as Bureau Chief of the Illinois State Police Firearms Services Bureau,<br><br>Defendants,<br><br>LISA MADIGAN, Attorney General, State of Illinois,<br><br>Attorney for Defendants.<br><br>By: s/ Joshua D. Ratz_____<br>    Joshua D. Ratz, # 6293615<br>    Assistant Attorney General |

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |  |
|---|---|---|
| KEVIN W. CULP, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.: 14-3320 |
| | ) | |
| LISA MADIGAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2015 the foregoing Defendants' Motion for Summary Judgment was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing(s) to the following:

>David G. Sigale
>dsigale@sigalelaw.com

>Respectfully submitted,
>
>s/ Joshua D. Ratz
>Joshua D. Ratz, Bar Number 6293615
>Assistant Attorney General
>500 South Second Street
>Springfield, IL 62706
>Phone: (217) 557-0261
>Fax: (217) 524-5091
>E-Mail: jratz@atg.state.il.us